UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DARA SCOTT,                                                                                                                 Plaintiff,

v.                                                         Civil Action No. 3:24-cv-90-DJH

FANATICS RETAIL GROUP
FULFILLMENT, LLC,                                                             Defendant.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

This case was removed from Jefferson Circuit Court, with Defendant Fanatics Retail Group Fulfillment, LLC invoking the Court's diversity jurisdiction. (Docket No. 1) Plaintiff Dara Scott moves to remand on the ground that the amount in controversy does not exceed $75,000. (D.N. 6) In support of her single-page motion, Scott attaches a stipulation stating that

> [t]he amount in controversy in connection with Plaintiff's claims asserted in this case is less than seventy-five thousand dollars ($75,000), inclusive of past and future lost wages and benefits; compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment; punitive damages; costs; attorney's fees; and the fair market value of any injunctive relief; and Plaintiff will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of past and future lost wages and benefits; compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment; punitive damages; costs; attorney's fees; and the fair market value of any injunctive relief.

(D.N. 6-1, PageID.45) The stipulation, which is signed only by Scott's counsel, further states:

> This stipulation is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to Plaintiff. The Plaintiff agrees that Plaintiff cannot revoke or amend this stipulation. This stipulation expressly forecloses any possibility of Plaintiff receiving or accepting damages in excess of $75,000.

(*Id.*, PageID.46) Fanatics opposes remand and seeks an award of its fees and costs incurred in responding to the motion. (D.N. 9, PageID.61-63)

1

As Scott's counsel has repeatedly been informed, post-removal stipulations have no effect on subject-matter jurisdiction under binding Sixth Circuit precedent and thus are not accepted by this Court. *See Stokes v. Faurecia Emissions Control Sys. NA, LLC*, No. 3:22-cv-112-DJH-CHL, 2022 U.S. Dist. LEXIS 153008, at *8-18 (W.D. Ky. Aug. 25, 2022); *Cooper v. AT&T Mobility LLC*, No. 3:19-cv-66-DJH, 2019 U.S. Dist. LEXIS 249441, at *6 (W.D. Ky. Aug. 22, 2019) (collecting cases).[1] Indeed, the Court has previously found attorney Kurt A. Scharfenberger's continued filing of such stipulations to constitute contumacious behavior justifying sanctions under 28 U.S.C. § 1927, although the Court declined to impose sanctions on that occasion. *See Cooper*, 2019 U.S. Dist. LEXIS 249441, at *7.[2]

In this case, Fanatics provided detailed evidence and calculations demonstrating by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional threshold at the time of removal. (*See* D.N. 1, PageID.2-5; D.N. 1-3; D.N. 1-4) As the Court explained at length in *Stokes*, a post-removal stipulation does not alter that determination. *See* 2022 U.S. Dist. LEXIS 153008 at *8-18. Moreover, because Scharfenberger's repeated disregard of the Court's prior rulings has "multiplie[d] the proceedings in [this] case unreasonably and vexatiously," sanctions are warranted under § 1927. *See Cooper*, 2019 U.S. Dist. LEXIS 249441, at *6-7. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Scott's motion to remand (D.N. 6) is **DENIED**.

---

[1] Fanatics lists several additional cases in its response to Scott's motion. (*See* D.N. 9, PageID.59)
[2] The Court did impose sanctions related to Scharfenberger's post-removal stipulation in *Atak v. Dawn Food Products, Inc.*, No. 3:19-cv-610-DJH-CHL (W.D. Ky. Sept. 4, 2020), where the stipulation resulted in the case being remanded by another judge, after which "Scharfenberger signed and filed discovery responses in state court seeking $335,000 in damages, plus attorney fees," prompting removal of the case a second time. *Id.*, ECF No. 21, PageID.196.

(2) Fanatics' request for fees and costs is **GRANTED**. Pursuant to 28 U.S.C. § 1927, attorney Kurt A. Scharfenberger shall pay Fanatics its reasonable attorney fees and costs incurred in responding to the motion to remand, up to $1,000.

(3) Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is **REFERRED** to U.S. Magistrate Judge Regina S. Edwards for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Judge Edwards is further authorized to conduct a settlement conference in this matter at any time.

September 24, 2024

David J. Hale, Judge
United States District Court